**KAUFMAN, DOLOWICH & VOLUCK, LLP**
**Kevin J. O'Donnell, Esq. - 045242005**
Court Plaza South
21 Main Street, Suite 251
Hackensack, New Jersey 07601
(201) 488 – 6655
*Attorneys for Plaintiff Seaport Inlet Marina, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEAPORT INLET MARINA, LLC, | |
| Plaintiff, | CIVIL ACTION NO.: _____ |
| v. | |
| PETER CONNELL, TOM SMITH, WILLIAM MAYFIELD, ROBERT MARSIGLIA, JOHN KOZAK, BILL WALLUS, ERIC FITZPATRICK, DAVID CABELLERO, ANATOLY KOVYARENKO, PATRICK DONNELLY, LOUIS OTTRANDO, RON ELEUTERI, WILLIAM BAILEY, PAUL ROWAN, HARRY MIZAHI, ROBERT MERCIER, RUSSELL PASCALE, and LARRY FISHMAN, | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Seaport Inlet Marina, LLC (hereinafter referred to as "Plaintiff" or "Seaport Marina"), in support of its Complaint for Declaratory Judgment and for Enforcement of Agreements entered into by and between Plaintiff and Defendants, alleges upon information and belief as follows:

## **PRELIMINARY STATEMENT**

1.      This is a Complaint of the Seaport Marina seeking to enforce the terms of certain Agreements and/or Work Orders entered into by and between the Seaport Marina and several boat owners (hereinafter collectively referred to as the "Boat Owners" or "Defendants") and further seeking a declaratory judgment of non-liability for damages allegedly caused to the several boats owned by the Boat Owners as a result of a fire occurring on February 14, 2017 at the Seaport Marina (hereinafter "fire" or "subject fire").

2.      A majority of the Boat Owners have already submitted claims to the insurer for the Seaport Marina and several have retained attorneys and/or threatened to commence lawsuits seeking damages as a result of the subject fire.

3.      The majority of the insurers for the boats owned by the Boat Owners have notified the Seaport Marina (or Seaport Marina's insurer), of their intent to seek subrogation for monies hat will be paid out under policies of insurance issued to the Boat Owners as a result of the subject fire.

4.      The Seaport Marina has no liability to the Boat Owners for any damages arising out of the subject fire because of a clear and unambiguous exculpatory clause contained within the Agreements and Work Orders entered into by and Between the Boat Owners and the Seaport Marina.

5.      Since said Agreements and Work Orders constitute maritime contracts, this action comes within this Court's Admiralty jurisdiction under Article III, Section 2 of the United States Constitution, as well as 28 USC § 1333 and is governed by the general maritime law of the United States of America.

## THE PARTIES

6.     Seaport Marina is a New Jersey limited liability company with its principal place of business in Belmar, New Jersey, located at 610 5th Ave, Belmar, New Jersey 07719, immediately on and adjacent to the Shark River (a navigable waterway).

7.     Defendant Peter Connell ("Connell"), citizen of New Jersey, owns or resides at real property located at 107 Lakeside Avenue, Avon-by-the-Sea, New Jersey 07717.

8.     At the time of the subject fire, Connell was the record owner of a 2005, 26-foot Pursuit pleasure craft with a hull identification number of SSUL6211B505 (hereinafter "Boat A").

9.     Defendant Tom Smith ("Smith"), citizen of New Jersey, owns or resides at real property located at 155 Walker Road, West Orange, New Jersey 07052.

10.     Defendant William Mayfield ("Mayfield"), citizen of New Jersey, owns or resides at real property located at 1214 Wildwood Avenue, Manasquan, New Jersey 08736.

11.     At the time of the subject fire, Smith and Mayfield were the record co-owners and/or joint owners (or the individual owner(s)) of a 2001, 26-foot Grady White pleasure craft with a hull identification number of NTLSL322J001 (hereinafter "Boat B").

12.     Defendant Robert Marsiglia ("Marsiglia"), citizen of New Jersey, owns or resides at real property located at 11 Dunkill Road, Jackson, New Jersey 08507.

13.     At the time of the subject fire, Marsiglia was the record owner of a 2003, 23-foot Contender pleasure craft with a hull identification number of JDJ23J63H203 (hereinafter "Boat C").

3

14.     Defendant John Kozak ("Kozak"), citizen of New Jersey, owns or resides at real property located at 206 Retford Avenue, Cranford, NJ 07016.

15.     At the time of the subject fire, Kozak was the record owner of a 2000, 26-foot Rabalo pleasure craft with a hull identification number of WJOA53VGB000 (hereinafter "Boat D").

16.     Defendant William Wallus ("Wallus"), citizen of Pennsylvania, owns or resides at real property located at 37 Addington Drive, Feasterville, Pennsylvania 19053.

17.     At the time of the subject fire, Wallus was the record owner of a 1995, 26-foot Bayliner pleasure craft with a hull identification number of USCA96SBJ495 (hereinafter "Boat F").

18.     Defendant Eric Fitzpatrick ("Fitzpatrick"), citizen of New Jersey, owns or resides at real property located at 565 Winding River Court, Brick, New Jersey 08724.

19.     At the time of the subject fire, Fitzpatrick was the record owner of a 2009, 24-foot Tidewater pleasure craft with a hull identification number of NLPFC106C909 (hereinafter "Boat G").

20.     Defendant David Cabellero ("Cabellero"), citizen of Pennsylvania, owns or resides at real property located at 1264 Almhouse Road, Jamison, Pennsylvania 18929.

21.     At the time of the subject fire, Cabellero was the record owner of a 1995, 28-foot Albermarle with a hull identification number of XWR27303G495 (hereinafter "Boat I").

22.     Defendant Anatoly Kovyarenko ("Kovyarenko"), citizen of Pennsylvania, owns or resides at real property located at 1196 Bartlett Place, Philadelphia, Pennsylvania 19115.

23. At the time of the subject fire, Kovyarenko was the record owner of a 2007, 23-foot Hydro Sport pleasure craft with a hull identification number of GHYVNA23H607 (hereinafter "Boat J").

24. Defendant Patrick Donnelly ("Donnelly"), citizen of New Jersey, owns or resides at real property located at 1820 State Route 35, Trailer E47, Wall Township, New Jersey 07719.

25. At the time of the subject fire, Donnelly was the record owner of a 1987, 18-foot Grady White pleasure craft with an unknown hull identification number (hereinafter "Boat K").

26. Defendant Louis Ottrando ("Ottrando"), citizen of New Jersey, owns or resides at real property located at 12 Hampton Hollow Drive, Millstone, New Jersey 08535.

27. At the time of the subject fire, Ottrando was the record owner of a 2007, 23-foot Parker pleasure craft with an unknown hull identification number (hereinafter "Boat L").

28. Defendant Ron Eleuteri ("Eleuteri"), citizen of New Jersey, owns or resides at real property located at 42 Crown Road, Ewing, New Jersey 08638.

29. At the time of the subject fire, Eleuteri was the record owner of a 2005, 26-foot Pursuit pleasure craft with an unknown hull identification number (hereinafter "Boat M").

30. Defendant William Bailey ("Bailey"), citizen of New Jersey, owns or resides at real property located at 647 South Riverside Drive, Neptune, New Jersey 07753.

31. At the time of the subject fire, Bailey was the record owner of a 2016, 22-foot Rabalo with a hull identification number of ROBW02650616 (hereinafter "Boat O").

32. Defendant Paul Rowan ("Rowan"), citizen of New Jersey, owns or resides at real property located at 407 Nammond Avenue, Bradley Beach, New Jersey 07720.

33.     At the time of the subject fire, Rowan was the record owner of a 1999, 21-foot Bayliner pleasure craft with an unknown hull identification number (hereinafter "Boat Q").

34.     Defendant Harry Mizahi ("Mizahi"), citizen of New York, owns or resides at real property located at1723 Ocean Parkway, Apartment F12, Brooklyn, New York 11223.

35.     At the time of the subject fire, Mizahi was the record owner of a 2009, 19-foot Atlantic pleasure craft with a hull identification number of MJISI404E809 (hereinafter "Boat R").

36.     Defendant Robert Mercier ("Mercier"), citizen of New Jersey, owns or resides at real property located at 216 Roosevelt Avenue, Avon, New Jersey 07717.

37.     At the time of the subject fire, Mercier was the record owner of a 2003, 21-foot Seaswirl pleasure craft with a hull identification number of GSVC133A303 (hereinafter "Boat S").

38.     Defendant Russel Pascale ("Pascale"), citizen of New Jersey, owns or resides at real property located at 455 Cornell Drive, Brick, New Jersey 08723.

39.     At the time of the subject fire, Pascale was the record owner of a 2016, 25-foot Tidewater pleasure craft with a hull identification number of NLPFC106G516 (hereinafter "Boat T").

40.     Defendant Larry Fishman ("Fishman"), citizen of New Jersey, owns or resides at real property located at 19 Carrie Drive, Marlboro, New Jersey 07746.

41.     At the time of the subject fire, Fishman was the record owner of a 2007, 28-foot Boston Whaler with a hull identification number of US-BWCE0832H607 (hereinafter "Boat U").

**JURISDICTION & VENUE**

42.     This suit is brought pursuant to the admiralty and maritime jurisdiction of the United States District Court pursuant to Article III, Section 2 of the United States Constitution, as well as 28 USC § 1333.

43.     The Shark River is a navigable waterway within the meaning of the General Maritime Law.

44.     Jurisdiction and venue are proper as the Agreements and Work Orders at issue herein are those concerning purely and/or primarily maritime related activities and thus the District Court maintains Admiralty and Maritime jurisdiction over this matter.

45.     Jurisdiction and venue are also proper as the subject fire impacted maritime activity and commerce on a navigable waterway and thus the District Court maintains Admiralty and Maritime jurisdiction over this matter.

46.     Jurisdiction and venue are also proper as the Seaport Marina conducted its business, the operation of a marina (a traditional maritime activity), on a navigable waterway and thus the District Court maintains Admiralty and Maritime jurisdiction over this matter.

47.     Jurisdiction and venue are also proper as the facts and occurrences herein are inextricably linked to traditional maritime activity and commerce and thus the District Court maintains Admiralty and Maritime jurisdiction over this matter.

48.     Jurisdiction and venue are also proper in this Court as the Seaport Marina is located on and adjacent to the Shark River, a navigable waterway within the District of New Jersey.

49.    Jurisdiction and venue are also proper as the boats owned by the Boat Owners were all kept at the Seaport Marina on and adjacent to the Shark River, a navigable waterway within the District of New Jersey.

50.    Jurisdiction and venue are also proper as the Agreements and Work Orders which the Seaport Marina seeks to enforce were entered into and carried out within the confines of the District of New Jersey.

<u>**FACTS COMMON TO ALL PARTIES**</u>

51.    On and prior to February 14, 2017 Seaport Marina operated a business located at 610 5th Ave, Belmar, NJ 07719, immediately adjacent to the Shark River.

52.    Seaport Marina, at all times relevant to this complaint, offered marina services to customers (including the Boat Owners) at the marina located at 610 5th Ave, Belmar, NJ 07719 on and adjacent to the Shark River.

53.    Such Marina services included storage of boats, docking of boats, performing maintenance, upgrades and/or repairs to boats, removal and launching of boats into and out of the Shark River, shrink-wrapping and other winterization services for boats, readying boats for seasonal use, sales of equipment and materials used on boats and other maritime related services.

54.    The Boat Owners were customers of the Seaport Marina on and before February 14, 2017.

55.    The Boat Owners stored their respective boats at the Seaport Marina on and before February 14, 2017 pursuant to the terms and conditions set forth in several Agreements and Work Orders, entered into by and between the several Boat Owners and the Seaport Marina.

56.    At all times relevant herein, the agreement to store the Boat Owners' boats at the Seaport Marina was conditioned upon and governed by the terms of the several Agreements and Work Order entered into by and between the Boat Owners and the Seaport Marina.

57.    Such Agreements and/or Work Orders included Winter Storage Agreements.

58.    Such Agreements and/or Work Orders included Winter Service Invoices.

59.    Such Agreements and/or Work Orders included Summer docking / mooring Agreements.

60.    Such Agreements and/or Work Orders included Winter Service Work Orders.

61.    Such Agreements and/or Work Orders included general Work Orders.

62.    Such Agreements were oral.

63.    Such Agreements were oral and were reduced to writing.

64.    Such Agreements were written.

65.    The Agreements and/or Work Orders entered into by and between the Boat Owners and the Seaport Marina each contained the following exculpatory clause:

> "All facilities are offered with the understanding that **the management assumes no liability and that the owner will carry hull and liability insurance**. In consideration of the making of this contract, it is hereby stipulated and agreed that the Marina permits the Owner to berth or moor his boat on Marina property and equipment only on the condition that **the Marina provides no security and inspection service and assumes no responsibility whatsoever for the safety of the boat, boats or equipment**

**referred to herein directly or indirectly in contract, tort or otherwise**. Furthermore, the **Marina will not be liable for any loss or damage for any cause whatsoever, including but not limited to fire**, **theft, malicious mischief or action of the elements which may arise to said boat, boats or its or their equipment, or to any property of the owner** or his guests, including but not limit to cars parked in the Marina or for any consequences thereof. Under the foregoing, it is understood the marina reserves the right to assume control and charge any boat, boats or their equipment for the protection of life and property in abnormal conditions or during catastrophes."

66.    The aforementioned exculpatory clause was a part of and a key term of each of the Agreements and/or Work Orders entered into by and between the Boat Owners and the Seaport Marina.

67.    Exculpatory clauses are fully enforceable under the General Maritime Law of the United States.

68.    The aforementioned exculpatory clause is a common exculpatory clause and is fully enforceable under the general maritime law of the United States.

69.    The aforementioned exculpatory clause is clear and unambiguous.

70.    The aforementioned exculpatory clause is clear and unambiguous and fully expresses that the Boat Owners were required to obtain their own hull insurance.

71.     The aforementioned exculpatory clause is clear and unambiguous and excludes liability for damage(s) to boats from all causes, including fire.

72.     The Boat owners entered into various Agreements and/or Work Orders with the Seaport Marina over the several years prior to and including the 2016-2017 winter.

73.     Any subsequent unsigned Agreements and/or Work Orders were a mere continuation of the original Agreements and/or Work Orders, thus, the written terms of the original Agreement are fully enforceable as and between the parties.

74.     Any subsequent unsigned Agreements and/or Work Orders constitute new implied-in-fact agreements upon which the same prior terms, including the exculpatory clause set forth above in this complaint, continued to apply to said subsequent Agreements and/or Work Orders.

75.     Each of the said Agreements and/or Work Orders (and any subsequent Agreements and/or Work Orders) contained the same aforementioned exculpatory clause set forth above in this complaint.

76.     The various Agreements and/or Work Orders entered into, by and between the Boat Owners and the Seaport Marina, constitute binding agreement(s).

77.     Binding Agreements / Contracts existed between each of the Boat Owners and the Seaport Marina on, before and after the date of the subject fire.

78.     The exculpatory clause required Boat Owners to obtain their own hull insurance.

79.     The exculpatory clause excludes liability of the Seaport Marina for all damage(s) sustained to the Boat Owners' boats, including, specifically, damage(s) caused by fire.

80.    The Boat Owners freely entered into the aforementioned Agreements and/or Work Orders containing the aforementioned exculpatory clause with full knowledge of the terms contained therein.

81.    The Boat Owners had many other choices and options as to where to store their boats, but freely chose to do so at the Seaport Marina, notwithstanding the terms set forth in the Agreements and/or Work Orders, including the exculpatory clause set forth above in this complaint.

82.    The Boat owners were not at a disadvantage, nor did they have any inferior bargaining power or position with respect to the negotiation of the aforementioned Agreements and/or Work Orders with the Seaport Marina.

83.    The Boat Owners were not under any undue duress or compulsion to enter into the aforementioned Agreements and/or Work Orders with the Seaport Marina.

84.    On or about February 14, 2017 in the early afternoon, the subject fire occurred, allegedly as a result of shrink-wrapping work negligently performed on Boat A by the Seaport Marina.

85.    The subject fire allegedly spread from Boat A to Boats B, C, D, F, G, I, J, K, L, M, O, Q, R, S, T and U[1].

---

[1] The letters assigned to the boats within the complaint correlate to the letters assigned to the boats for identification following the aftermath of the fire in an attempt to identify and survey each of the impacted boats.  The letters are out of order (i.e. letters E, H, N and P are omitted from the complaint) because these boats were owned by the Seaport Marina and thus are not subject to this lawsuit.

86.    The subject fire caused varying degrees of damage, up to and including, the declaration of constructive total loss of value of boats A, B, C, D, F, G, I, J, K, L, M, O, Q, R, S, T and U.

87.    There is a present, actual and justiciable controversy before this Court concerning the subject Agreements and/or Work Orders.

**FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT**

88.    Plaintiff, Seaport Marina, repeats and re-alleges the allegations contained in paragraphs "1" through "87" of the Complaint as if set forth fully herein.

89.    The storage, docking, mooring and winter services provided to the Boat Owners of Boats A, B, C, D, F, G, I, J, K, L, M, O, Q, R, S, T and U was performed by the Seaport Marina pursuant to written Agreements and/or Work Orders.

90.    The Agreements and/or Work Orders were in full force and effect on or before February 14, 2017, including before, during and after the subject fire.

91.    The aforementioned exculpatory clause of the Agreements and/or Work Orders was in full force and had full effect on or before February 14, 2017, including before, during and after the subject fire.

92.    The Agreement on the part of Seaport Marina to store the Boat Owners' Boats, including Boats A, B, C, D, F, G, I, J, K, L, M, O, Q, R, S, T and U was done so exclusively upon the terms set forth within such Agreements and/or Work Orders entered into by and between the Seaport Marina and the Boat Owners.

13

93.     The exculpatory provision required the Boat Owners of Boats A, B, C, D, F, G, I, J, K, L, M, O, Q, R, S, T and U to obtain, keep and maintain their own hull insurance protecting against any loss or damage to their respective boats.

94.     The exculpatory provision states that "the management assumes no liability and that the owner will carry hull and liability insurance."

95.     The exculpatory provision further states "the Marina provides no security and inspection service and assumes no responsibility whatsoever for the safety of the boat, boats or equipment referred to herein directly or indirectly in contract, tort or otherwise."

96.     The exculpatory provision excludes and/or excuses the Seaport Marina from any loss or damage suffered by any of the Boat Owners arising out of any damage(s) sustained to their Boats while kept at the Seaport Marina.

97.     The exculpatory clause states: "Marina will not be liable for any loss or damage for any cause whatsoever, including but not limited to fire, theft, malicious mischief or action of the elements which may arise to said boat, boats or its or their equipment, or to any property of the owner."

98.     The exculpatory clause is clear and unambiguous.

99.     The exculpatory clause is fully enforceable under the general maritime law.

100.    Pursuant to the clear and unambiguous terms of the Agreements and/or Work Orders, the Seaport Marina is entitled to a declaration of non-liability (Declaratory Judgment) for any and all claims, damages, suits, complaints or actions arising out of the loss of Boats A, B, C, D, F, G, I, J, K, L, M, O, Q, R, S, T and U sustained by the Boat Owners.

101.    By reason of the clear and unambiguous terms of the Agreements and/or Work Orders, the Seaport Marina is entitled to declaratory judgment establishing that pursuant to the Agreements and/or Work Orders; the Seaport Marina is not liable to any of the Boat Owners for any damages sustained to Boats A, B, C, D, F, G, I, J, K, L, M, O, Q, R, S, T and U arising out of the subject fire.

### SECOND CAUSE OF ACTION – ENFORCEMENT OF AGREEMENTS

102.    Plaintiff, Seaport Marina, repeats and re-alleges the allegations contained in paragraphs "1" through "101" of the Complaint as if set forth fully herein.

103.    Seaport Marina and the Boat Owners entered into binding Agreements (contracts) with respect to the storage of Boats A, B, C, D, F, G, I, J, K, L, M, O, Q, R, S, T and U.

104.    The storage, docking, mooring and winter services provided to the Boat Owners of Boats A, B, C, D, F, G, I, J, K, L, M, O, Q, R, S, T and U was performed by the Seaport Marina pursuant to written Agreements and/or Work Orders.

105.    The Agreements and/or Work Orders were in full force and effect on or before February 14, 2017, including before, during and after the subject fire.

106.    The aforementioned exculpatory clause of the Agreements and/or Work Orders was in full force and had full effect on or before February 14, 2017, including before, during and after the subject fire.

107.    The Agreement on the part of Seaport Marina to store the Boat Owners Boats, including Boats A, B, C, D, F, G, I, J, K, L, M, O, Q, R, S, T and U was done so exclusively upon the terms set forth within such Agreements and Work Orders entered into by and between the Seaport Marina and the Boat Owners.

108.    The exculpatory provision required the Boat Owners of Boats A, B, C, D, F, G, I, J, K, L, M, O, Q, R, S, T and U to obtain, keep and maintain their own hull insurance protecting against any loss or damage to their respective boats.

109.    The exculpatory provision states "the management assumes no liability and that the owner will carry hull and liability insurance."

110.    The exculpatory provision further states "the Marina provides no security and inspection service and assumes no responsibility whatsoever for the safety of the boat, boats or equipment referred to herein directly or indirectly in contract, tort or otherwise."

111.    The exculpatory provision excludes and/or excuses the Seaport Marina from any loss or damage suffered by any of the Boat Owners arising out of any damage(s) sustained to their Boats while kept at the Seaport Marina.

112.    The exculpatory clause states: "Marina will not be liable for any loss or damage for any cause whatsoever, including but not limited to fire, theft, malicious mischief or action of the elements which may arise to said boat, boats or its or their equipment, or to any property of the owner."

113.    The exculpatory clause is clear and unambiguous.

114.    The exculpatory clause is fully enforceable under the general maritime law.

115.    The Seaport Marina hereby seeks an order of this Court directing enforcement of the Agreements, including an order excluding all liability of the Seaport Marina for any damage(s) sustained as a result of the subject fire to by the Boat Owners to Boats A, B, C, D, F, G, I, J, K, L, M, O, Q, R, S, T and U.

16

116.    The Seaport Marina hereby seeks an order of this Court directing the enforcement of the Agreements.

**WHEREFORE**, Plaintiff, Seaport Inlet Marina, LLC, hereby requests the following relief:

a.    A declaration of non-liability for any of the claims of damage arising out of damages sustained to Boats A, B, C, D, F, G, I, J, K, L, M, O, Q, R, S, T and U.

b.    Enforcement of the Agreements and/or Work Orders entered into by and between the Boat Owners as described herein and the Seaport Inlet Marina, LLC.

c.    All relief otherwise sought within the complaint.

d.    Such other and further relief as this Court may deem just and appropriate under the circumstances.

**KAUFMAN, DOLOWICH & VOLUCK, LLP**
*Attorneys for Plaintiff Seaport Inlet Marina, LLC*

By:    _____
       Kevin J. O'Donnell

Dated: March 22, 2017

17