UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SEAPORT INLET MARINA, LLC,

        Plaintiff,

v.

PETER CONNELL, TOM SMITH, WILLIAM MAYFIELD, ROBERT MARSIGLIA, JOHN KOZAK, WILLIAM WALLUS, ERIC FITZPATRICK, DAVID CABALLERO, ANATOLY KOVYARENKO, PATRICK DONNELLY, RON ELEUTERI, WILLIAM BAILEY, PAUL ROWAN, HARRY MIZAHI, ROBERT MERCIER, RUSSEL PASCALE, and LARRY FISHMAN,

        Defendants.

Civil Action No. 17-1908(FLW)(LHG)

**ORDER AND JUDGMENT**

**THIS MATTER** having been opened to the Court by Kevin J. O'Donnell, Esq., counsel for Plaintiff Seaport Inlet Marina, LLC ("Plaintiff") on a Motion for Default Judgment against Defendant William Bailey ("Defendant Bailey"), pursuant to Fed. R. Civ. P. 55(b)(2); it appearing that the Complaint in this matter was filed on March 22, 2017, seeking (1) enforcement of the terms of certain contracts entered into by Seaport and the Defendants[1], and (2) a declaration of non-liability to the Defendants for damages sustained by Defendants' boats

---

[1] The term "Defendants" as used herein refers to Defendants Peter Connell ("Connell"), Tom Smith ("Smith"), William Mayfield ("Mayfield"), Robert Marsiglia ("Marsiglia"), John Kozak ("Kozak"), William Wallus ("Wallus"), Eric Fitzpatrick ("Fitzpatrick"), David Caballero ("Cabellero"), Anatoly Kovyarenko ("Kovyarenko"), Patrick Donnelly ("Donnelly"), Ron Eleuteri ("Eleuteri"), William Bailey ("Bailey"), Paul Rowan ("Rowan"), Harry Mizahi ("Mizahi"), Robert Mercier ("Mercier"), Russel Pascale ("Pascale"), and Larry Fishman ("Fishman") collectively.

as a result of a fire at Plaintiff's marina; it appearing that Defendant Bailey failed to answer or otherwise respond to the Complaint; it appearing that default was entered against Defendant Bailey by the Clerk of the Court on March 9, 2018, for Defendant Bailey's failure to plead, answer, or otherwise defend in this action; it appearing that, on March 20, 2018, Plaintiff moved for default judgment; Defendant Bailey, having been duly served, has failed to oppose or otherwise respond to the motion; the Court, having reviewed Plaintiff's submissions in connection with its motion, makes the following findings:

(1) In order to obtain a default judgment, pursuant to Federal Rule of Civil Procedure 55(b), a plaintiff must first secure an entry of default from the clerk of the court under Rule 55(a). *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). Once the clerk default has entered default, the non-defaulting party may move for default judgment pursuant to Rule 55(b)(2), "depending on whether the claim is for a sum certain." *Id.* The Third Circuit has explained that while the entry of default judgment "is largely within a district court's discretion, three factors control this determination: '(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct.'" *Id.* (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)). In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017).

(2) Plaintiff alleges that Defendants, including Defendant Bailey, stored their

respective boats at Plaintiff's marina pursuant to the terms and conditions set forth in several agreements and/or work orders. Compl. at ¶ 55. Defendant Bailey was the record owner of a 2016, 22-foot Rabalo with a hull identification number of ROBW02650616. *Id.* at ¶ 31.

(3) These agreements and/or work orders entered into by and between Defendants and Plaintiff each contained the following exculpatory clause:

> All facilities are offered with the understanding that the management assumes no liability and that the owner will carry hull and liability insurance. In consideration of the making of this contract, it is hereby stipulated and agreed that the Marina permits the Owner to berth or moor his boat on Marina property and equipment only on the condition that the Marina provides no security and inspection service and assumes no responsibility whatsoever for the safety of the boat, boats or equipment referred to herein directly or indirectly in contract, tort or otherwise. Furthermore, the Marina will not be liable for any loss or damage for any cause whatsoever, including but not limited to fire, theft, malicious mischief or action of the elements which may arise to said boat, boats or its or their equipment, or to any property of the owner or his guests, including but not limited to cars parked in the Marina or for any consequences thereof. Under the foregoing, it is understood the marina reserves the right to assume control and charge any boat, boats or their equipment for the protection of life and property in abnormal conditions or during catastrophes.

*Id.* at ¶ 65

(4) On February 14, 2017, a fire occurred while one of Plaintiff's employees was performing shrink-wrapping work on Defendant Connell's boat. *Id.* at ¶ 84. Defendant Connell's boat caught fire and the fire spread to the other Defendants' boats, including Defendant Bailey's, causing varying degrees of damage, up to and including total loss of value. *Id.* at ¶¶ 85–86.

(5) Plaintiff brought suit against Defendants to enforce the exculpatory clause and sought a declaration of non-liability, alleging that the exculpatory clause is "clear and unambiguous" and "is fully enforceable under the general maritime law of the United States." *Id.* at ¶¶ 68-69. Indeed, "[b]oth admiralty law and New Jersey law recognize that exculpatory contracts, in certain circumstances, are valid and enforceable." *Olmo v. Atl. City Parasail, LLC*, No. 13–4923, 2016 WL 1704365, *8 (D.N.J. Apr. 28, 2016).

(6) Taking these allegations as true, the Court finds that, for the purposes of this motion, the exculpatory provision is fully enforceable against Defendant Bailey. As Defendant Bailey has not defended the allegations, the Court will assume that the terms of the exculpatory provision apply to the storage of his boat in Plaintiff's marina, and that the provision is not unconscionable with respect to him.[2] Plaintiff is, therefore, entitled to a declaration of non-liability

---

[2] Defendant Eleuteri previously moved to dismiss the Complaint partly on the grounds that the exculpatory provision is 1) unconscionable, and 2) unenforceable as a matter of law because the provision only applied to "berthing and mooring" rather than winter storage. *Seaport Inlet Marina, LLC v. Connell*, No. 17-1908, 2017 WL 3981128, at *3 (D.N.J. Sept. 11, 2017). The Court denied this motion, holding that these arguments based on the interpretation or unconscionability of the contracts' exculpatory clauses were premature at the motion to dismiss stage. *Id.* at *7 (citing *E.H. Yachts, LLC v. B&D Boatworks, Inc.*, No. 06–164, 2006 WL 3068560, *4 n.3 (D.N.J. Oct. 27, 2006) (finding that interpretation of contract provisions was inappropriate in a motion to dismiss). The interpretation of a contractual provision and whether it is unconscionable as to a particular defendant are factual issues, however, and because Defendant Bailey has not asserted these defenses, the Court will assume that they do not apply to him. As such, the present Order relates only to Defendant Bailey and has no preclusive effect on Plaintiff's claims against the other Defendants. *See Universal Athletic Sales Co. v. American Gym*, 480 F. Supp. 408, 414 (W.D. Pa. 1979) (holding that "this finding and the default judgment is not binding on the other defendants").

for any claims from Defendant Bailey arising out the damage to his boat during the February 14, 2017 fire at Plaintiff's marina.

Accordingly, the Court having reviewed Plaintiff's submissions in connection with the motion, pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 3rd day of October, 2018,

**ORDERED** that Plaintiff's Motion for Default Judgment (Dkt. # 61) seeking enforcement of the exculpatory provision in its agreement with Defendant Bailey and a declaration of non-liability to Defendant Bailey for damages sustained by his boat as a result of a fire at Plaintiff's marina is **GRANTED.**

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge